## LOEBER v. ROBERTS.

(*Superior Court of New York City, General Term.* January 11, 1892.)

NEGLIGENCE—FIRES—EVIDENCE.

Plaintiff cannot recover damages caused by a fire communicated to his premises by means of a furnace kept by defendant on adjoining premises, without proof of defective construction, failure to repair, or negligence in its use. Negligence will not be inferred from the mere fact of the fire, so as to cast the burden on defendant to disprove negligence.

Appeal from jury term.

Action by Charles H. Loeber against Isaiah L. Roberts to recover damages alleged to have been caused by defendant's negligence. Judgment dismissing complaint. Plaintiff appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*W. C. Beecher*, for appellant. *A. S. Cushman, E. Crandall*, and *C. S. Truax*, for respondent.

McADAM, J. The plaintiff sued to recover $3,000 damages for injury to a stock of photographic supplies contained on the second floor of the premises No. 111 Nassau street, because of a fire which occurred therein April 10, 1889. The defendant, who is a chemist, occupied part of the floor above the plaintiff. The complaint charged that the defendant kept a furnace in his rooms, and negligently kept and maintained a fire therein at too great a heat for safety, and negligently permitted the fire to burn in the furnace unattended and uncared for, and that in consequence thereof the fire communicated with the plaintiff's premises, and destroyed his stock of merchandise. The furnace rested on a base of brick, and whether there was a sheet-iron

covering over the floor the plaintiff's witness could not state. There was evidence that the defendant had made a fire in the furnace on the day the damage occurred, and that he had said that he intended to keep the fire there that night; that there was no danger. Upon this evidence, accompanied by proof tending to show that the fire was communicated to plaintiff's premises by means of the furnace, and that the plaintiff suffered loss in consequence of the fire, he rested his case, and the trial judge, upon motion of the defendant's counsel, dismissed the complaint, upon the ground that there was no affirmative proof of negligence, and this ruling presents the question we are called upon to review.

The appellant invokes the application of the familiar rule of *res ipsa loquitur,* and claims that the fire could not have originated from defendant's furnace unless it was improperly constructed or negligently used by the defendant. *Breen* v. *Railroad Co.*, 109 N. Y. 297, 16 N. E. Rep. 60; *Mullen* v. *St. John*, 57 N. Y. 567; *Seybold* v. *Railroad Co.*, 95 N. Y. 568; *Russell M. Co.* v. *New Haven S. Co.*, 50 N. Y. 121. He cites cases holding that negligence is inferred from the dropping of hot coals from elevated road engines, (*McNaier* v. *Railroad Co.*, 46 Hun, 502; *Lowery* v. *Same*, 99 N. Y. 158, 1 N. E. Rep. 608; *Shepp* v. *Railroad Co.*, Sup., 4 N. Y. Supp. 951;) and by the scattering of sparks and live coals by a railroad engine along the road-way, (*Field* v. *Railroad Co.*, 32 N. Y. 346.) The liability in the case of falling cinders, live coals, or sparks from railway engines is founded on proof that locomotives properly constructed and kept in repair, in respect to wire netting and ash-pans, would cast out no such dangers upon the road-way. The other cases cited, founded on the rule of *res ipsa loquitur*, rest on their own peculiarities, none of which resemble the facts proved here. Thompson in his work on Negligence (page 1227) says: "It is believed that it is never true, except in contractual relations, that the proof of the mere fact that the accident happened to the plaintiff, without more, will amount to *prima facie* proof of negligence on the part of the defendant." There was no evidence whatever that the furnace was not properly constructed, or that the defendant was negligent in its use; and unless defect of construction, failure to repair, or negligence in use are to be inferred from the mere fact that the fire communicated to the plaintiff's premises, it is clear that nonsuit was properly granted. In *Losee* v. *Buchanan*, 51 N. Y. 476, the commission of appeals held that where one places and operates a steam-boiler upon his premises, in the absence of proof of fault or negligence on his part, he is not liable for damages to his neighbor occasioned by the explosion of the boiler; and in his opinion, after having reviewed the principal authorities in this state, Judge EARL says: "This examination has gone far enough to show that the rule is, at least in this country, a universal one, which, so far as I can discern, has no exceptions or limitations, that no one can be liable for injuries to the person or property of another without some fault or negligence on his part." In *Wiedmer* v. *Railroad Co.*, 114 N. Y. 462, 21 N. E. Rep. 1041, the plaintiff proved that a hot coal from an engine on defendant's elevated road fell into her eye; but there was no direct evidence that the locomotive from which it came was defective in design and construction or negligently operated. The trial judge refused to dismiss the complaint, and the jury rendered a verdict for the plaintiff. The judgment entered thereon was, on appeal to the general term, affirmed. The court of appeals reversed, stating in their opinion that there were no contractual relations between the parties, and that the falling of the coal was not sufficient for the jury to infer that the defendant negligently used a locomotive improperly designed, defectively constructed, out of repair, or negligently operated; and that from the fact that the coal fell the burden was not cast upon the defendant to prove the condition of the locomotive. In *Cosulich* v. *Oil Co.*, 122 N. Y. 118, 25 N. E. Rep. 259, the facts were these: The defendant, at the time of the burning,

owned and operated a petroleum refinery on Newtown creek, and the plaintiff's vessel was lying at the wharf adjacent thereto. The oil within defendant's inclosure got on fire, and a quantity of it, while burning, flowed down a pipe which was connected with a lighter laden with petroleum moored at the defendant's wharf. The pipe was used by the defendant in pumping oil from vessels into its refinery. The lighter at once exploded, and burning oil and sticks therefrom were thrown upon the plaintiff's vessel, setting it on fire. · The conflagation was the immediate result of the explosion of defendant's boiler. The damages .were stipulated to have been $15,000. When plaintiff rested, the defendant asked for a nonsuit, which was denied. The defendant introduced no evidence. The jury found a verdict for the plaintiff. The general term affirmed, and the court of appeals reversed, holding that no contractual relations existed between the parties, and that the presumption is, until the contrary be shown, that every man has performed his duty; and that it is incumbent upon one who alleges a failure in this respect, as the foundation of a right of action, to prove facts from which an inference of negligence may be properly drawn, and proof of the mere fact that an accident has happened will not authorize such an inference. PARKER, J., in his opinion says: "As the existence of negligence is an affirmative fact, to be established by him who alleges it as the foundation of his right of recovery, it was incumbent upon the plaintiff to point out by evidence the defendant's fault; for the presumption is, until the contrary appears, that every man has performed his duty. This rule has been frequently applied in cases where a fire has spread over and upon the lands of an adjoining owner to his damage. *Clark* v. *Foot*, 8 Johns. 421; *Stewart* v. *Howley*, 22 Barb. 619; *Lansing* v. *Stone*, 37 Barb. 15; *Calkins* v. *Barger*, 44 Barb. 424. * * * In actions founded on negligence, the *onus* of establishing it rests upon the plaintiff." There were no contractual relations between the parties here, and, applying the rules laid down in the preceding cases to the facts proved, we are required to affirm the judgment appealed from, with costs. All concur.