◁(5 Misc. Rep. 330.)

### EVANS v. HENRY VOGT & BROS. MANUF'G CO.

#### (City Court of Brooklyn, General Term.   October 23, 1893.)

**1. MASTER AND SERVANT—EMPLOYMENT IN UNFINISHED BUILDING.**
  It is not negligence for a master to set his servant to work in an unfinished building, if the servant is of sufficient age and intelligence to appreciate the risk, which is both patent and incident to the employment, of injury by objects falling from the floors above, where workmen not under such master's control are employed.

**2. SAME—SAFE PLACE TO WORK.**
  Where a master sets his servant to work in a part of an unfinished building which is itself safe, but can be reached only by climbing a ladder through a dangerous hatchway, there is no violation of the master's duty to furnish a safe place to work, so as to render him liable for injuries received by the servant while climbing the ladder, as the ladder is not the servant's place to work, but only the means of reaching such place.

Appeal from trial term.

Action by John Evans against the Henry Vogt & Bros. Manufacturing Company to recover damages for the loss of services of his son, Edward F. Evans. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Charles C. Nadal, for appellant.
Dailey, Bell & Crane, for respondent.

OSBORNE, J.   Plaintiff brought this action to recover damages for the loss of services of his son, Edward F. Evans, resulting from injuries alleged to have been caused by the negligence of defendant, in whose employ said son was at the time. Plaintiff complained that the alleged negligence consisted in placing his son in a position of danger, in not providing him with a safe place to work, and in failing to warn him of danger. Plaintiff had a verdict, and defendant appeals from the judgment entered thereon, and from the order denying motion for a new trial.

Plaintiff's son was the only witness on behalf of the plaintiff as to the happening of the injuries which he received. It appeared from his evidence that he was fifteen years of age, and that he had been in the employ of the defendant for about three months prior to the date of the accident. Defendant's business was the manufacture of iron tanks, and plaintiff's son was employed to heat rivets, and also to run on errands. At the time of the accident, defendant was engaged in putting together an iron tank some 50 or 60 feet long and 12 or 14 feet wide and about 4 feet high, on the second floor of a building which was in process of erection on Washington street, New York, for the New York Steam Company, to be used for refrigerating purposes. Carpenters and masons were at work on the building at the time, and the roof had not yet been put on. There were no stairways in the building, and the only means of getting from one floor to another

was through a sort of hatchway between two and three feet square, by means of iron rungs built into the wall, thus forming a ladder. Plaintiff's son had been working in this building about three weeks prior to the accident. On the day of the accident his forge would not work, and he says that the foreman in charge told him to go up on the fourth floor, where the flooring was then being laid, and get an oil can. This he did, using the iron ladder in the opening for the purpose. He says that when he got up there he saw men laying bricks, carpenters were cutting wood and drilling holes in boards or blocks "and they were sweeping out, too." He brought the oil can down to the place where he was at work. The foreman used it to oil the forge, and then told him to go back with it again. While on his way up the ladder, and when between the third and fourth floors, "he felt something hit him on the head" which rendered him unconscious, and he fell, and received the injuries complained of. He further testified that on a previous occasion he had seen bricks and pieces of wood and pieces of boards and logs of wood falling through this hatchway. That about two weeks prior to the accident his foreman had told him not to be fooling around the hatch; that he might get hit with something,—"might get hurted;" and that, on another occasion he saw William Vogt go up the hatchway, and that he said "that it was a d——d dangerous place; as d——d a place as he ever got up." At the close of the plaintiff's case defendant's counsel moved to dismiss the complaint, which motion was denied, and an exception thereto was taken. After a very careful examination, we have come to the conclusion that the learned trial judge erred in denying the motion to dismiss the complaint. We fail to see wherein the defendant was negligent. The fact that plaintiff's son was set to work in an unfinished building was certainly not a negligent act on defendant's part. That there was a chance that some of the other workmen on the building, not under defendant's control, might accidentally, or even carelessly, drop some object from the upper floors, was an incident almost inseparable from the erection of a large building, and was, we think, one of the risks incident to the employment of this lad at the building. It was also a patent risk, one of which plaintiff's son was well aware, for he testified, as before stated, that he had been fully warned of the dangers lurking around this hatchway, and the chance of his getting hurt there, and he was of sufficient age and intelligence to appreciate the risk. Nor do we think that the defendant violated its duty to plaintiff's son in not furnishing him a safe place to work. In fact, the tank was the place where he was set to work, and there is no claim that that was unsafe. We do not think that the passing up and down the ladder can be construed or designated as his place to work, but rather as a route or means of transit by which he was to get to his place of work. Suppose that, as plaintiff's son was entering this building on his way to his work on the tank, some mason at work above had let a brick fall, which struck and

injured this lad, surely that would not have constituted negligence on defendant's part; and yet, if plaintiff's contention is sound, defendant would be liable. There is an entire lack of evidence as to how the substance which struck plaintiff's son came to fall, or who was responsible for its falling. Certainly there is no proof that it was due to the negligence of the defendant or any of its servants, and, in the absence of such proof, there was nothing on which to base a verdict in favor of the plaintiff. Wall v. Jones, (Sup.) 18 N. Y. Supp. 674. The case of Ford v. Lyons, 41 Hun, 512, cited by the learned counsel for the respondent, is not in point. In that case plaintiff's intestate was set to work in the cellar, in a place where broken pieces of brick fell from the upper portion of the building, where defendant had full control of the erection, and complaint had been made as to the insufficient protection of the covering of the men at work in the cellar. There it was clearly a case where the actual place of work was unsafe. For the reasons stated we think that the exception to the denial of the motion to dismiss the complaint was well taken. Having come to this conclusion, it is unnecessary for us to discuss any of the other exceptions in the case. Judgment reversed, and new trial ordered, with costs to abide the event.