(12 Misc. Rep. 332.)

### SHIELDS v. ROBINS.

(Superior Court of New York City, General Term. May 6, 1895.)

MASTER AND SERVANT—NEGLIGENCE OF MASTER—EVIDENCE.

    In an action by a servant against his master for personal injuries, it appeared that while plaintiff, in the course of his duty, was in the elevator in the building where he was employed, he was struck by some falling object. There was no evidence as to what struck him or whence it came, nor did it appear that the building or machinery was out of

repair, or that anything was being done by defendant's direction which might reasonably cause anything to fall. *Held*, that the evidence did not show any negligence on the part of the defendant.

Appeal from jury term.

Action by John Shields against John N. Robins to recover damages for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

The action is by a workman against his employer to recover damages for personal injuries. The defendant occupied the building No. 32 Washington street, this city, for making repairs to steamships, etc. There was a blacksmith's shop on the top floor of the building, which was of brick, six stories high. The floors and roof were of timber. An elevator was on the premises, and was run from the first floor to the top, a distance of about 54 feet. There was no siding to the elevator. In the discharge of his duty, the plaintiff, on July 3, 1893, was going up in the elevator, when something fell upon his head, and stunned him, doing him serious injury. There is no proof showing what struck him, or where it came from; but that it was some falling object is indisputable. The jury found a verdict in favor of plaintiff for $1,500, and from the judgment entered thereon, and the order denying motion for a new trial, this appeal is taken.

Argued before FREEDMAN and McADAM, JJ.

W. S. Cogswell, for appellant.

Wheeler, Cortis & Godkin, for respondent.

McADAM, J. The rule is universal, and has no exceptions or limitations, that no one is liable for injuries to the person or property of another without some fault or negligence on his part. Where no contractual relations exist between the parties, the presumption is, until the contrary is shown, that every man has performed his duty, and it is incumbent upon one who alleges a failure in this respect to prove facts from which an inference of negligence may be properly drawn, and mere proof that the accident happened will not authorize such an inference. Loeber v. Roberts (Super. Ct. N. Y.) 17 N. Y. Supp. 378. No contractual relation exists here except that of master and servant. A master's liability to servants for injuries sustained in the course of their employment is based upon the personal negligence of the employer; and the evidence must establish personal fault on his part, or what is equivalent thereto, to justify a verdict; and he is entitled to the benefit of the presumption that he has performed his duty until the contrary appears. Cahill v. Hilton, 106 N. Y. 512, 13 N. E. 339; Wood, Mast. & S. (2d Ed.) §§ 345, 346. Neglect which renders the master liable must be established either by direct evidence or the proof of facts from which the inference of negligence can be legitimately drawn. It cannot be supported by mere conjecture, or surmise, but must be made referable by the proof to some specific cause and effect for which the master is liable. The mere fact that an accident occurred which caused the injury is not generally, of itself, sufficient to authorize an inference of negligence against a defendant. Dobbins v. Brown, 119 N. Y. 188, 23 N. E. 537.

In Wall v. Jones (Sup.) 18 N. Y. Supp. 674, it appeared that the plaintiff's intestate, while in the employ of the defendant, working

on an unfinished building, was struck by a falling brick, and killed. The court said:

"The difficulty with the plaintiff's case is that there is no evidence whatever from whence the brick which fell and killed the plaintiff's intestate came. * * * There is nothing to show that the falling of the brick was caused by negligence upon the part of the defendants. Without this proof, there was no evidence upon which the jury could find a verdict in favor of plaintiff."

In Evans v. Manufacturing Co., 5 Misc. Rep. 330, 25 N. Y. Supp. 509, it appeared that the plaintiff's son, in defendant's employ, while passing on a ladder from one floor to another in an unfinished building, was struck by something falling through the hatchway; and the court said:

"There is an entire lack of evidence as to how the substance which struck plaintiff's son came to fall, or who was responsible for its falling. Certainly, there is no proof that it was due to the negligence of the defendant or any of its servants; and, in the absence of such proof, there was nothing on which to base a verdict in favor of the plaintiff."

The maxim "res ipsa loquitur," as applied in Mullen v. St. John, 57 N. Y. 567, and other cases cited by the respondent, does not reach the point involved here. In the case named, a building fell into the street, and the court said (page 572):

"The mind, necessarily, seeks for a cause for the fall. That is, apparently, the bad condition of the structure."

If the mind seeks for a cause for the fall of the object which struck the plaintiff, the search is in vain. There is no evidence that there was anything out of repair about the building or the machinery, or that anything was going on by the master's direction which might reasonably lead to the falling complained of. The injury may have resulted from the negligent act of a stranger or fellow workman, for whose conduct the defendant would not be liable; and it will not do to hold that, unless the defendant satisfactorily establishes that the accident was not caused by any neglect of his, the inference must follow that it was his fault. At times the peculiar circumstances attending accidents may be of such an unusual character as to call upon the defendant for some explanation. But such cases, upon examination, will be found to rest upon their own peculiarities, and not to extend so far as to comprehend one like the present, wherein the plaintiff claims that the mere fact of his injury entitles him to a verdict, because the defendant failed to prove that he was not answerable for it.

In Volkmar v. Railway Co., 134 N. Y., at page 420, 31 N. E. 870, the court says:

"It has been held that, where a building adjoining a street falls into the street, in the absence of explanatory circumstances negligence will be presumed, and the burden is placed upon the owner of showing the use of ordinary care; that where a plaintiff was passing on a highway under a railroad bridge, when a brick fell from one of the pilasters upon which an iron girder of the bridge rested, striking him upon the shoulder, causing injury, negligence would be presumed; that where a barrel rolled out of the window of a warehouse onto a street, injuring a person passing, negligence would be presumed; that where a person, while walking along the street in front of a building, was struck by a falling chisel, the presumption of negli-

gence is sufficient to call for an explanation; that where plaintiff was injured, while walking on the sidewalk of a street immediately under the defendant's railroad, by being struck with a heavy piece of metal which fell from one of the defendant's cars passing above, from the nature of the accident negligence might be inferred," etc.

In the case above cited, a bolt fell on the head of the plaintiff, who was riding in a wagon underneath the defendant's elevated structure, and the action was to recover damages for the injuries. The plaintiff proved that the bolt in question passed through the guard rail and stringer of the railroad, and the iron plate had been held in place by a nut, and that the bolt broke about two inches from the nut. It was the duty of the defendant to keep its roadway in such condition that no such accident could occur, or to overcome the implication of negligence by proving that it had, by inspection or otherwise, exercised every reasonable care to guard against such result. So where the piece of metal fell from one of the defendant's cars passing above, where the brick forming part of the pilaster supporting the girder of a bridge fell, where the barrel rolled out of the window of the warehouse, where a pedestrian was struck by a falling chisel,—in all these instances the injury was made referable to some specific cause and effect in reference to which the defendant was under an obligation, which presumptively had been neglected. But here the building had been in use for more than 20 years. No repairs were going on, nor did it appear that the object which struck the plaintiff fell out of the roof or any part of the premises which the defendant was under any obligation to keep in order. So that there was absolutely nothing to which the accident could be attributed, and the mere fact of its occurrence does not militate against the defendant or charge him with neglect of any duty owing to the plaintiff.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.