McAdam, J.
The rule is universal, and has no exceptions or limitations, that no one is liable for injuries to the person or property of another without some fault or negligence on his part. Where no contractual relations exist between the parties the presumption is, until the contrary is shown, that every man has performed his duty, and it is incumbent upon one who alleges a failure in this respect to prove facts from which an inference of negligence may be properly drawn, and mere proof that the accident happened will not authorize such an inference. Loeber v. Roberts, 60 Supr Ct. 202 ; 42 St. Rep. 687. No contractual relation exists here except that of master and servant.
A master’s liability to servants for injuries sustained in the course of their employment is based upon the personal negligence of the employer ; and the evidence must establish personal fault on his part, or what is equivalent thereto, to justify a verdict; and he is entitled to the benefit of the presumption that he has performed his duty until the contrary appears. Cahill v. Hilton, 106 N. Y. 512; Wood on M. & S., 2d ed., sections 845, 346.
Neglect which renders the master liable must be established either by direct evidence or the proof of facts from which the inference of negligence can be legitimately drawn. It cannot be supported by mere conjecture or surmise, but must be made referable by the proof to some specific cause and effect for which the master is liable. The mere fact that an accident occurred which caused the injury, is not generally, of itself, sufficient to authorize an inference of negligence against a defendant. Dobbins v. Brown, 119 N. Y. 188; 28 St. Rep. 957.
In Wall v. Jones, 45 St. Rep! 687, it appeared that the plaintiff’s intestate, while in the employ of the defendant, working on an unfinished building, was struck by a falling brick and killed. The court said : “ The difficulty with the plaintiff’s case is that there is no evidence whatever from whence the brick which fell and killed the plaintiff’s intestate came.” * * * “ There is nothing to show that the falling of the brick was caused by negligence upon the part of the defendants. Without this proof there was no evidence upon which the jury could find a verdict in favor of plaintiff.”
In Evans v. Vogt & Brothers Manufacturing Co., 5 Misc. 330 ; 55 St. Rep. 212, it appeared that the plaintiff’s son, in defendant’s employ, while passing on a ladder from one floor to another in an un *790 finished building, was struck by something falling through the hatchway; and the court said: “ There is an entire lack of evidence as to how the substance which struck plaintiff’s son came to fall, or who was responsible for its falling. Certainly there is no proof that it was due to the negligence of the-defendant or any of its servants, and in the absence of such proof there was nothing on which to base a verdict in favor of the plaintiff.”
The maxim res ipso loquitur, as applied in Mullen v. St John, 57 N. Y. 567, and other cases cited by the respondent, does not reach the point involved here. In the-case named a building fell into the street; and the court said (p. 572): “ The mind, necessarily, seeks for a cause for the fall. That- is, apparently, the bad condition of the structure.”
If the mind seeks for a cause for the fall of the object which struck the plaintiff, the search is in vain. There is no evidence that there was anything out of repair about the building or the machinery, or that anything was going on by the master’s direction which might reasonably lead to the falling complained of. The injury may have resulted from the negligent act "of a stranger or fellow-workman, for whose conduct the defendant would not be liable; and it will, not do to hold that unless the defendant satisfactorily establishes that the accident was not caused by any neglect of his, the inference must follow that it was his fault.
At times the peculiar circumstances attending accidents may be of such an unusual character as to call upon the defendant for some explanation. But such cases upon examination will be found to rest upon their own peculiarities, and not to extend-so far as to comprehend one like the present, wherein the ¡plaintiff claims that the mere fact of his injury entitles him to a verdict, because the defendant failed to prove that, he was not answerable for it.
In Volkmar v. Manhattan Railway Co., 134 N. Y. 420; 47 St. Rep. 631, the court says : “ It has been held that where a building adjoining a street falls into the street, in the absence of explanatory circumstances negligence-will be presumed, and the burden is placed upon the owner of showing the use of ordinary care; that where a plaintiff was passing on a highway under a railroad bridge when a brick fell from one of the pilasters upon which an iron girder of the bridge rested, striking him upon the shoulder, causing injury, negligence would be presumed; that where a barrel rolled out of the- window of a warehouse onto a street, injuring a person passing, negligence would be presumed; that where a person, while walking along the street in front of a building, was struck by a falling chisel, the presumption of negligence is sufficient to call for an explanation; that- where plaintiff was injured while, walking on the sidewalk of a street immediately under the defendant’s railroad by being struck with a heavy piece of metal which fell from one of the defendant’s cars passing above, that from the nature of the accident negligence6 might be inferred, etc.”
In the case above cited a bolt fell on the head of the plaintiff, who was riding in- a wagon underneath the defendant’s elevated *791 structure, and the action was to recover damages for the injuries. The plaintiff proved that the bolt in question passed through the guard rail and stringer of the railroad, and the iron plate had been held in place by a nut, and that the bolt broke about two inches from the n.ut. It was the duty of the defendant to keep its roadway in such condition that no such accident could occur, or to overcome the implication of negligence by proving that it had by inspection or otherwise exercised every reasonable care to guard against such result. So where the piece of metal fell from one of the defendant’s cars passing above; where the brick forming part of the pilaster supporting the girder of a bridge fell; where the barrel rolled out of the window of the warehouse; where a, pedestrian was struck by a falling chisel—in all these instances the injury was made referable to some specific cause and effect in reference to winch the defendant was under an obligation, which presumptively had been neglected.
But here the building had. been in use for more than twenty years ; no repairs were going on, nor did it appear that the object which struck the plaintiff fell out of the roof or any part of the premises which the defendant was under any obligation to keep in order. So that there was absolutely nothing to which the accident could be attributed ; and the mere fact of its occurrence does not militate against the defendant or charge him with neglect of any duty owing to the plaintiff.
The judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Freedman, J., concurs.