# ARTHUR H. BYERS, Appellant, v. ESSEX INVESTMENT COMPANY.

### Division One, March 2, 1920.

1. **AGREED STATEMENT: Omissions and Ambiguities.** An agreed statement of facts upon which the case is submitted to the jury stands in lieu of a special verdict, and if it contain any ambiguity, or any fact necessary to a recovery is omitted, a judgment for defendant will on appeal be affirmed.

2. **LEASE: Liability of Landlord: Negligent Construction.** A landlord, under no obligation, legal or contractual, to make repairs, who nevertheless undertakes to make repairs and negligently creates a defect or danger. whereby the tenant, himself in the exercise of due care, is injured, is liable in damages; but if the agreed statement shows no negligence in workmanship or in the selection of materials, or whether the section of the porch railing which gave way when plaintiff's wife leaned against it was at the time in the same condition it stood immediately after being repaired, there can be no recovery. The mere fact that the railing was not replaced by new timber does not prove negligence.

3. ———: ———: ———: **Res Ipsa Loquitur: Agreed Statement.** If the petition pleads specific· negligence, reliance upon the doctrine of *res ipsa loquitur* is thereby excluded; and a statement of facts agreed upon for the purpose of obviating the introduction of evidence does not alter the rule, for such an agreed statement is not an agreed case under the statute or at common law.

4. ———: ———: ———: **Application to Situation.** The basis of the presumption inherent in the rule of *res ipsa loquitur* is the doctrine of probabilities. There is no such probability that the breaking of a wooden porch railing, which gave way when plantiff's wife leaned against it, was due to negligence in repairing it ten months previously, as to justify an application of the rule, there being no showing that the part which gave way was repaired.

5. ———: ———: ———: ———: **Peculiar Knowledge: Voluntary Act.** The rule of *res ipsa loquitur* as establishing negligence on the part of the landlord does not apply where the cause of the fall of plaintiff's wife from the porch was not peculiarly within the knowledge of the landlord and peculiarly beyond that of plaintiff. Nor does it apply if the voluntary act of plaintiff's wife was immediately connected with her fall,

Appeal from St. Louis City Circuit Court.—*Hon. Thos. C. Hennings*, Judge.

Affirmed.

*M. D. Mugan* and *F. X. O'Brien* for appellant.

(1) A landlord may be under no obligation to make repairs on the demised premises, but if he undertakes nevertheless to make repairs, and the same are negligently made, he is responsible in damages for the injuries resulting therefrom. 1 Tiffany on Landlord & Tenant, pp. 660, 649; Finer v. Nichols, 158 Mo. App. 539; Little v. McAdaras, 38 Mo. App. 187; 2 McAdam on Landlord & Tenant, p. 1613; 2 Kent (14 Ed.), p. 570; Mitchell v. Plautt, 31 Ill. App. 149; Mann v. Fuller, 63 Kan. 664; Gregor v. Cady, 82 Me. 131; Gill v. Middleton, 105 Mass. 477. (2) Whether the landlord is bound to repair his leased or demised premises or not, if he undertakes to make repairs, and the work of repair is done unskillfully or negligently, he is liable in damages to his tenant, to a subtenant and to all other persons rightfully on the premises by invitation or otherwise, for injuries arising therefrom. Grant v. Tomlinson, 138 Mo. App. 222; Hardt v. Koenig, 137 Mo. App. 589; 1 Tiffany on Landlord & Tenant, p. 649, sec. 96. (3) The circumstances attendant upon an accident are sometimes of such a character as to justify the jury in inferring negligence as the cause of the accident, in conformity with the maxim and under the doctrine of *res ipsa loquitur*. 34 Cyc. 1665; Blanton v. Dold, 109 Mo. 64; Ash v. Woodward, 199 S. W. 994, 997; Bryne v. Boston Woven Hose Co., 191 Mass. 40; Mooney v. Lumber Co., 154 Mass. 407; 29 Cyc. 590, 623; Ryan v. Fall River Iron Works Co., 200 Mass. 188; Mullen v. St. John, 57 N. Y. 567; Volkmer v. M. R. Co., 134 N. Y. 418; Judson v. Giant Powder Co., 107 Cal. 549; Chaperon v. Portland Electric Co., 41 Ore. 39. (4) The doctrine of *res ipsa loquitur* is not limited to any particular class of cases. Thompson on Negligence, sec. 3885. (5) Under the doc-

trine of *res ipsa loquitur*, negligence will be presumed
where the accident and injury are caused by an act which,
in the ordinary course of things, would not have resulted
in injury, if due care had been used in its performance.
Schuler v. Omaha R. Co., 87 Mo. App. 618; Moore v. Park-
er, 91 N. C. 275.   (6) Where the defendant owes the duty
to plaintiff to use due care, and the thing causing the ac-
cident is shown to be under the management of the de-
fendant or his servants. and the accident is such that, in
the ordinary course of things, does not occur if those who
have the management or control use proper care, the hap-
pening of the accident, in the absence of evidence to the
contrary, is evidence that it arose from the lack of requi-
site care.   Kahn v. Trist-Rosenberg Cap. Co., 139 Cal.
340; Bevis v. Baltimore R. Co., 26 Mo. App. 19; Cyclo-
pedia of Law and Procedure, 29 Cyc. 591; Davis v. Balti-
more R. Co., 26 Mo. App. 19; Armour v. Golwoska, 95 Ill.
App. 492; Kahn v. Burett, 42 Misc. (N. Y.) 541, 543;
Griffin v. Manice, 166 N. Y. 188. (7) The maxim *res ipsa
loquitur* was originally. limited to cases of absolute duty
or an obligation practically amounting to that of insurer
under a contractual relation, but has been extended to
actions sounding in tort, where no contractual relation
existed, so that when the physical facts of an accident
themselves create a reasonable probability that it results
from negligence, the physical facts are themselves evi-
dential and furnish what the law terms ''evidence of neg-
ligence'' in conformity with the maxim *res ipsa loquitur*.
29 Cyc. 591, 592;   Chenall-Palmer Brick Co., v. Ratteree,
57 Ark. 429; Houston v. Brush, 66 Vt. 331.

*Percy Werner* for respondent.

(1) The agreed statement of facts stands in lieu oi
a special verdict.   If there is any omission of facts neces-
sary to a recovery, no judgment can be based thereon.
City of Stanberry v. Jordan, 145 Mo. 372; Folk v. St.
Louis, 250 Mo. 138; Isenberg v. Anchor Line, 13 Mo.
App. 415.   (2) This is not a *res ipsa loquitur* case.   The
situation is susceptible of proof. Patton v. Public Serv-

ice Ry. Co., 227 Fed. 810. (3) No obligation to repair rests on the landlord, in the absence of an agreement. Vai v. Weld, 17 Mo. 232; Peterson v. Smart, 70 Mo. 234; Ward v. Fagan, 101 Mo. 669. (4) The landlord is not liable for injuries to sub-tenants of his lessee arising from the defective condition of premises—certainly not for anything less than a nuisance, which is not pleaded here. Quay v. Lucas, 25 Mo. App. 4; Peterson v. Smart, 70 Mo. 34; Saretsky v. Steinberg, 133 N. Y. S. 925; Thomas v. Lane, 221 Mass. 447; Malone v. Laskey, 2 K. B. 141. (5) Where an injury is occasioned by want of due care and skill in doing what one has promised to do, an action can only be maintained in favor of the party relying on such promise and injured by breach of it. Consequently there can be no recovery in this case for a double reason: first, because the promise was not made to plaintiff; second, because the repairs were made before plaintiff entered upon his tenancy. (Glenn v. Hill, 210 Mo. 298. (6) Plaintiff, not being entitled to recover for breach of contract to repair, because not privy to contract, must sue in tort. Here he cannot recover as for mere negligence in the making of repairs. (a) Because the repairs were made before plaintiff entered on his tenancy. Quay v. Lucas, 25 Mo. App. 407; Stuerger v. Van Sicklen, 132 N. Y. 499; Ahern v. Steele, 115 N. Y. 203; Brady v. Klein, 133. Mo. 422. (b) Because there is no evidence that the defendant knew of the defective condition. Whiteley v. McLaughlin, 183 Mo. 160. (c) There can be no recovery as for maintenance of a nuisance, first, because it is not pleaded; second, because it was not in fact a nuisance. (d) There is no evidence of negligence on the part of respondent.

BLAIR, P. J.—Appellant and his wife occupied rooms on the second floor of a building owned by respondent. The wife fell from the balcony and died as a result of her injuries. This is an action by the husband for damages for her death. The fall resulted from a breaking of a railing against which deceased leaned.

The petition charges, among other things, that: "Said defendant corporation, at some time during the summer and before the 15th day of November, 1915, by and through its agents and employees, made repairs on the said barrier, balustrade or railing that surmounts and partially surrounds the said balcony, but did the work of repair in such a negligent and careless manner that the said balcony and the said barrier, balustrade or railing was left in, and remained in, a weak, defective and insecure condition, dangerous to people who had occasion to use and occupy said balcony. Plaintiff states further that the said Mrs. Ruby Byers, the wife of plaintiff, while lawfully on said balcony, on the 21st day of June, 1916, and within less than six months before the filing of this suit, and while in the exercise of reasonable care for her own safety, was caused to fall and be thrown from said balcony on to and against the brick pavement on the ground below, by the breaking away of the weak, defective, insecure and dangerous barrier, balustrade or railing aforesaid, and to suffer" injuries which caused her death.

The case was submitted on an agreed statement of facts, which is as follows:

"1. Plaintiff was the husband of Mrs. Ruby Byers; that the said Ruby Byers came to her death on or about the 28th day of June, 1916, by reason of falling from a second story porch of a residence at No. 1609 Olive Street, in the City of St. Louis, on or about the 21st day of June, 1916, and about 3:15 p. m.; that at the time of the said occurrence the said Mrs. Ruby Byers had gone from her apartment out onto the said porch with an ordinary-sized Pet milk-can, and went to the railing near the northeast corner of said porch on the eastern side thereof with the intention of throwing said can out onto a garbage pile in the yard below, and that, leaning against the top rail of said porch, the section of said rail at said north end of the porch gave way and broke, allowing her to be precipitated to the ground below, a distance of about fifteen feet, from which she sustained injuries which resulted in her death.

"2. Plaintiff was a month-to-month tenant of one John Trundle, the lessee of said building under written lease from the owner thereof, the defendant in this action. Copy of said lease is hereto attached and made part hereof and marked 'Exhibit 1.' The said lease was in full force and effect at the time of said accident, except as to a modification thereof with respect to the use of the third story thereof and the amount of the rental, which modification was in writing and is likewise attached hereto, and marked 'Exhibit 2.' Attached hereto, marked 'Exhibit 3,' is a plat of the second floor of said residence, room No. 6, as shown thereon, being the room rented by Trundle to plaintiff, and the diagram also showing the balcony in question. The railing on the eastern edge of said balcony was in five sections of about seven feet each. The defendant had made certain repairs to the said railing during the month of August, 1915, but the top rail of the particular section that broke and allowed plaintiff's wife to fall to the ground was not replaced at said time by new timber. Defendant had knowledge of the fact that it was to be used as a rooming house when it leased the premises to Trundle.

"3. Plaintiff entered upon his sub-tenancy under Trundle and moved into said Apartment No. 6 on the 13th day of November, 1915, and continued a month-to-month tenant of the said Trundle down to the time of the accident in June, 1916. No further or other repairs were made to said porch subsequent to August, 1915.

"4. Plaintiff's wife was at the time of her death thirty-seven years of age and in reasonably good state of health, and kept house for the plaintiff. There were no children by the marriage of plaintiff to the deceased.

"5. None of the admissions herein contained are in any wise to affect either party, or to be regarded as made, except for the purpose of the submission of this controversy."

The lease referred to in the agreed statement of facts is dated March 1, 1915. By it respondent leased to John Trundle the property in question. By its terms

the lease expired February 28, 1917. It provides that the property is to be used as a "dwelling" and the lease "shall not be assigned, nor shall said premises, or any part thereof, be let or underlet, or used or permitted to be used, for any purpose other than above provided, without the written consent of the lessor first endorsed herein;" and further provides that "the lessee agrees to surrender said premises at the end of said term in as good condition as received, ordinary wear and tear excepted; all repairs to the demised premises shall be done by the lessee."

I.   The agreed statement "stands in lieu of a special verdict" and "if there be any ambiguity" or "any omission of facts necessary to a recovery," the judgment for respondent was right and should be affirmed. [City of Stanberry v. Jordan, 145 Mo. l. c. 382, and cases cited.]

Agreed Statement.

II.   It is conceded respondent was under no obligation, legal or contractual, to repair (Kohnle v. Paxton, 268 Mo. l. c. 471, et seq.), but it is contended that he undertook to repair in August, 1915, and is liable because the repairs were then negligently made. The rule invoked is that when the landlord, whether obligated so to do or not, undertakes to repair and thereby negligently creates a defect or danger whereby the tenant, himself in the exercise of due care, is injured, the landlord is liable. [Tiffany on Landlord and Tenant, vol. 1, sec. 97; Grant v. Tomlinson, 138 Mo. App. l. c. 228; Finer v. Nichols, 158 Mo. App. l. c. 545, 175 Mo. App. l. c. 537, et seq.; Gill v. Middleton, 105 Mass. 478.] The facts in the agreed statement pertinent to this question are: "The railing on the eastern edge of said balcony was in five sections of about seven feet each. The defendant had made certain repairs to the said railing during the month of August, 1915, but the top rail of the particular section that broke and allowed

Liability for Repairs.

plaintiff's wife to fall to the ground was not replaced at said time by new timber." Plaintiff, as tenant under respondent's lessee, moved in November 13, 1915. The injury occurred in June, 1916. "No further or other repairs were made to said porch subsequent to August, 1915." Deceased leaned against the top rail "of said porch," it gave way and she fell.

The agreed statement does not state facts which show any negligence in workmanship, or in the selection of material. It does not show whether the section which fell was in the same condition in which it stood immediately after being repaired. Nor is it stated that the rail which broke was in any way defective. The mere fact that this rail was not replaced by new timber does not prove negligence. Under the applicable test (par. 1, supra) the judgment must be affirmed on these grounds unless appellant's next point is well taken.

III. It is contended the doctrine *res ipsa loquitur* applies.

(a) The agreed statement of facts in this case is a method chosen by counsel to obviate the necessity of adducing evidence *pro* and *con*. While it binds the parties, it is not an agreed case under the statute (Sec. 2117, R. S. 1909) "or at common law" (State ex

**Res Ipsa Loquitur.** rel. v. Merriam, 159 Mo. 655) and the pleadings are left to perform their usual functions. The petition pleads specific negligence and thus excludes reliance upon the doctrine of *res ipsa loquitur*. [Roscoe v. Met. Street Ry. Co., 202 Mo. l. c. 587, et seq.]

(b) Further, the doctrine invoked has no application to the facts. The basis of this presumption is the doctrine of probabilities. There is no such probability that the breaking of a wooden railing ten months after its repair is due to negligence in the act of repairing as to justify the application of the rule. The agreed statement does not show a repairing of the rail section which gave way. The facts are not such as to bespeak the only negligence for which respondent could be held liable. The cause of deceased's fall is not peculiarly with re-

spondent's knowledge and peculiarly beyond that of appellant. Further, the voluntary act of the deceased was immediately connected with the injury. [Carter v. Railroad, 177 Mass. 228; Penn. Co. v. Marion, 104 Ind. 239.] For these and other reasons the doctrine invoked does not apply.

IV. Other arguments are advanced by respondent to support the judgment. Among other things it questions the rights of the sub-lessee to complain in view of the prohibition in the lease. [Cole v. McKey, 66 Wis. 500.] The reasons already given dispose of the case.

The judgment is affirmed. All concur.