Louis C. Pronnecke, Administrator of the Estate of Frank Weiss, Deceased, Appellant, v. Westliche Post Publishing Company, Respondent.*

St. Louis Court of Appeals. Opinion filed January 11, 1927.

1.—Master and Servant—Servant Injured—Negligence—Res Ipsa Loquitur —Presumptions. In an action by an employee against his employer for damages for personal injuries alleged to have been caused by being struck on the head by an unknown object while in an elevator, a res ipsa loquitur case, in order to constitute liability there must be a gathering of circumstances from which it may be fairly inferred that the servant was struck by an object and injured in such a way as to establish negligence on the part of the master and show a causal connection between the two, as the mere fact that a servant is injured while engaged about his master's business raises no presumption of negligence on the part of the master.

2.—Same—Same—Same—Same—Liability of Master. Where an accident, wherein a servant was injured, concededly may have been produced from causes for which the master is not liable, the servant must show, before he can recover damages, that it was due to some omission or duty which the law imposes upon the master for the protection of the servant.

**3.—Negligence—Res Ipsa Loquitur—Application of Doctrine—Peculiar Knowledge.** The facts in **res ipsa loquitur** cases must be peculiarly within the knowledge of the defendant and not equally accessible to the plaintiff, and where the plaintiff is in a better position to explain the cause of the accident than the defendant, the doctrine of **res ipsa loquitur** does not apply.

**4.—Master and Servant—Servant Injured—Negligence—Master Not Insurer.** An employer is not an insurer of the safety of his employee, he being liable only for negligence on his part causing injury to the employee.

**5.—Same—Same—Res Ipsa Loquitur—Evidence—Sufficiency.** In an action by an emplyoee for damages for personal injuries alleged to have been sustained in an elevator while in the employ of defendant, caused by a substance of some weight dropping on his head, where the evidence discloses merely that the plaintiff was struck by an object without in any manner identifying the object; without showing its source or cause of its precipitation; whether the object fell from above or was flung from the side; there being no evidence that the "thing" which injured plaintiff was under the control of the defendant, or, in fact, that it belonged to the defendant, treating the petition as one standing on the doctrine of **res ipsa loquitur, held** the facts do not make out a case for the jury.

**6.—Same—Same—Elevators—Shafts—Statute—Servants Injured on Elevators—Not Protected.** Section 6789, Revised Statutes 1919, is intended to protect employees from falling into elevator shafts and not to protect persons operating elevators, and was not applicable to a case where an employee, who was in an elevator and was injured by being struck by an unknown object.

---

*Corpus Juris-Cyc. References: Master and Servant, 39Cyc, p. 259, n. 30; p. 260, n. 36, 37; p. 281, n. 75; p. 313, n. 21; p. 361, n. 14 New; p. 414, n. 3; p. 971, n. 74; p. 972, n. 87, 88; p. 975, n. 97; p. 981, n. 21; p. 989, n. 29; p. 991, n. 30, 33; p. 994, n. 45; p. 1068, n. 54; p. 1146, n. 42; Negligence, 29Cyc, p. 592, n. 3.

Appeal from the Circuit Court of the City of St. Louis.—Hon. William H. Killoren, Judge.

AFFIRMED AND REMANDED.

*S. P. Bond,* for appellant.

(1) The court erred in setting aside the verdict and judgment of the appellant on the thirteenth ground of defendant's motion for a new trial in which it is claimed by respondent that the court erred in not giving and reading to the jury defendant's instruction in the nature of a demurrer to the evidence offered at the close of plaintiff's case. The petition states a cause of action under the doctrine of *res ipsa loquitur* and the evidence sustains the petition. Gibler v. Railroad, 148 Mo. App. 486, citing authorities. When a negligent act is charged against the defendant in general terms it thus includes its servants, appliances, etc. Miller v. United Railways Co.. 155 Mo. App. 543; Gibler v. Railroad, 148 Mo. App. 486; Price v. Met. Street Ry. Co., 220 443; Swissman v. Wells, 255 S. W. 935;

Gannon v. Laclede Gas Light Co., 145 Mo. 508; Sheridan v. Foley, 58 N. J. Law 230; Byrne v. Boadle, 2 H. & C. 722; Sackewitz v. American Biscuit Mfg. Co., 78 Mo. App. 144; Kapler v. Orth and another, 61 Wis. 531; Prapuloenis v. Construction Co., 279 Mo. 366, 213 S. W. 792; Burt v. Nichols, 264 Mo. 18. (2) The law imposes upon the master the duty of using ordinary care to provide his servant a reasonably safe place in which to do the work assigned to him. Sackervitz v. American Biscuit Mfg. Co., 78 Mo. App. 144; Fishell v. American Press, 253 S. W. 508; Colelli v. New Jersey & P. Concentrating Works, 87 Hun. 428, 134 N. Y. Supp. 310; Dixon v. Pluns, 98 Cal. 384; Lake Shore & Mich. Southern Ry. Co. v. Rosingeig, 113 Pa. 519. See Scott v. Dock Co., 3 Hurlston & Coltman 596, cited in Wharton on Negligence, p. 701; Trego v. Rubovits, 178 Ill. App. 127, 130; Vogel v. America Chicle Co., 190 N. Y. App. Div. 796; Vogel v. American Chicle Co., 190 N. Y. App. Div. 796. (3) Not necessary to show as certainty what caused accident. Berkbigler v. Scott County Milling Co., 275 S. W. 602; Vogel v. American Chicle Co., 190 N. Y. App. Div. 797. (4) Plaintiff's case is also aided by the presumption that Weiss was engaged in the discharge of his duty and was exercising ordinary care for his own safety at the time he was injured. Berkbigler v. Scott County Milling Co., 275 S. W. 599; Liston v. Railroad Co., 129 Mo. App. 231; McDaniel v. Hine, 292 Mo. 401. (5) Whether it was the duty of the miner or employer to inspect the working place held question of fact. Schillings v. Big Creek Coal Co., 277 S. W. 964; Sec. 2332, Wagner's Revised Ordinances of St. Louis, 1914. (6) The elevator was not in actual use at the time of the injury for elevator purposes. The law imposed upon the master to provide trap doors or self-closing hatches to keep such trap doors or self-closing hatches closed at all times, except when in actual use by the occupant of the building having use and control of same. This the defendant failed to do. In such case the rule of *res ipsa loquitur* should be invoked. Sec. 6789, R. S. 1919. Irmer v. Brewing Co., 69 Mo. App. 17; McRickard v. Flint, 114 N. Y. 282; Laws of N. Y. 1874C, 547, sec. 5. Referred to in above case is similar to the Missouri statute. Newell v. Boatmen's Bank, 279 Mo. 672; 216 S. W. 918; Trego v. Rubovits, 178 Ill. App. 127, 130. (7) The law imposes upon the master to place below the machinery and sheaves, at the top of the elevator shaft substantial grating or screen or iron to prevent persons, objects from falling into such shafts. Wagoner's Revised Code of St. Louis, sec. 2332. It was not error in the court to admit the ordinance in evidence. Bailey v. Kansas City, 189 Mo. 514; Kinney v. Met. St. Ry. Co., 261 Mo. 97. (8) A general charge of negligence is good after answer. Foster v. Railway, 115 Mo. 165. (9) The petition states a cause of action under the doctrine of *res ipsa loquitur* under sec. 6789, R. S.

1919. Newell v. Boatmen's Bank, 279 Mo. 672, 216 S. W. 918; Propuolenis v. Construction Co., 279 Mo. 366, 213 S. W. 792. (10) In the case before the court the respondent did not attempt to prove that the injury was caused by a third party or the act of God as it was its duty to do, if it sought to overcome the burden of proof cast upon it. 29 Cyc. 609. (11) Error in overruling demurrer to evidence is waived by introduction of evidence by defendant. Ehrlich v. Mittelberg, 252 S. W. 278.

*Buder & Buder* for respondent.

(1) The doctrine of *res ipsa loquitur* does not apply to a case where the evidence merely shows that the plaintiff was struck by a falling object, without identifying the object and without showing its source and the cause of its precipitation. In order to recover in such a case the plaintiff must not only prove that he was struck by the object and injured, but must also establish negligence on the part of the defendant and show a causal connection between the two. Shields v. Robins, 33 N. Y. Supp. 639; Carl v. Young & Robie, 103 Maine 100; Hogle v. Franklin Mfg. Co., 105 N. Y. Supp. 1095.; Stumpf v. D. L. & W. Ry. Co., 76 N. J. Law 153; Cathron v. Cudahy Packing Co., 98 Mo. App. 343; Dyer v. Sutherland B. & C. Co., 258 S. W. 48. (2) The doctrine of *res ipsa loquitur* is very rarely applied in a case between master and servant, and cannot be invoked unless the evidence is such as to exclude all defensive inferences, including contributory negligence, negligence of a fellow servant, latent defects, defects which the defendant had no reasonable opportunity to discover, lack of causal connection and the assumption of risk. Removich v. Bambrick Bros. Const. Co., 264 Mo. 43, 49, and cases therein cited. (3) The rule of *res ipsa loquitur* as establishing negligence on the part of the defendant is based on the doctrine of probabilities, and never applies unless the facts concerning the cause of the accident are peculiarly within the knowledge of the defendant and not equally accessible to the plaintiff. It does not apply unless the defendant is definitely shown to be in a better position to explain the cause of the accident than the plaintiff. Klebe v. Parker Distilling Co., 207 Mo. 480; Russell v. Railway Co., 245 S. W. 590; Byers v. Essex Investment Co., 281 Mo. 375. (4) The building of one presumption upon another presumption, or one inference upon another inference, constitutes mere speculation and conjecture, and the law will not permit a recovery where an attempt is made to establish liability in this method. State ex rel. v. Utilities Co. v. Cox, 298 Mo. 427; Hays v. Hogan, 273 Mo. 1; Menteer v. Fruit Co., 240 177; Yarnell v. Ry. Co., 113 Mo. 570. (5) The mere fact that a servant is injured while engaged about his master's business

raises no presumption of negligence on the part of the master.  Riger v. Fleming Lbr. Co., 210 Mo. App. 322; State ex rel. v. Cox, 298 Mo. 427; Myers v. Strauss, 264 S. W. 801; Goode v. Central C. & C. Co., 167 Mo. App. 169.  (6)  An employer is not an insurer of the safety of persons in his employ, but is only liable for injuries which are the direct and proximate result of his failure to use ordinary care to furnish a place which is reasonably safe for his employees to do their work.  Van Bibber v. Swift & Co., 286 Mo. 317; Spindler v. American Express Co., 232 S. W. 690; Yarbrough v. Hammond Packing Co., 231 S. W. 72; Russell v. St. Louis & S. F. Ry. Co., 245 S. W. 590; Ryan v. Lea, 249 S. W. 685; Wendall v. Railway Co., 100 Mo. App. 556.  (7)  In cases where the plaintiff's injury may, with equal probability, have resulted from one of several causes, for only one of which the defendant would be liable, it is incumbent upon the plaintiff to prove that his injury arose from that cause for which the defendant is liable; otherwise he fails to get his case out of the realm of speculation and conjecture and cannot recover.  Pippen v. Plummer Construction Co., 187 Mo. App. 360; McGrath v. St. Louis Transit Company, 197 Mo. 97; Smart v. Kansas City, 91 Mo. App. 586; Waldmann v. Skrainka Const. Co., 211 Mo. App. 576; O'Dell v. National Lead Co., 253 S. W. 397; Weber v. Valier & Spies Milling Co., 242 S. W. 985; Courter v. Chase & Son Mercantile Co., 266 S. W. 340.  (8)  After trying his case in the lower court on the theory of defendant's common-law liability plaintiff cannot, on appeal, invoke the aid of a statute such as Section 6789, R. S. 1919.  Glaser v. Rothschild, 106 Mo. App. 418.  (9)  Section 6789, R. S. 1919, was framed to protect employees from falling into elevator shafts while the elevators were not in use, and it does not apply to a case where the elevator was in use at the time of the accident, nor does it cover an employee operating the elevator.  Latapie-Vignaux v. Askew Saddlery Co., 193 Mo. 1. (10) In cases where specific negligence is alleged in the plaintiff's petition he must, in order to succeed, prove one or more assignments of negligence set forth in his pleadings, and cannot recover on the *res ipsa loquitur* doctrine.  Motsch v. Standard Oil Co., 223 S. W. 677; Hennekes v. Beetz, 203 Mo. App. 63.  (11)  Even in cases where the plaintiff pleads general negligence only in his petition he will estop himself from invoking or relying on the doctrine of *res ipsa loquitur,* if, by his evidence, he proves specific acts of negligence. McAnany v. Shipley, 189 Mo. App. 396; Cook v. Union Electric L. & P. Co., 232 S. W. 248.  (12)  An objection to the erroneous admission of incompetent or immaterial evidence is not waived by the introduction of rebutting evidence by the objecting party although his evidence may be of the same kind objected to.  Stipel v. Piggott, 269 S. W. 942; Reynolds v. Publisher, 155 Mo. App. 612; Davenport

v. Silvey, 265 Mo. 543. (13) Appellate courts are very reluctant to override the trial court's discretion in sustaining a motion for a new trial, and will very rarely reverse the judgment of a trial court sustaining a motion for a new trial. Travis v. Means, 214 S. W. 239; Stafford v. Ryan, 276 S. W. 636; Ismert-Hencke Milling Co., 243 S. W. 408.

DAUES, P. J.—This is an action by Frank Weiss for personal injuries alleged to have been sustained while in the employ of defendant. During the pendency of the appeal Weiss died and the cause was revived in the name of Louis C. Pronnecke, Administrator. There was a trial before the court and jury, resulting in a verdict for plaintiff. The lower court sustained defendant's motion for new trial on the ground that the court erred in not giving defendant's instruction in the nature of a demurrer to the evidence. After appropriate motions, plaintiff appeals.

Plaintiff seeks a recovery on the *res ipsa loquitur* doctrine. Briefly, the petition alleges that Weiss in July, 1923, was in the employ of the defendant publishing company, and while so engaged in defendant's premises in the city of St. Louis, and while in an elevator "a substance of some weight was negligently and carelessly permitted to drop by the defendant and come in contact with plaintiff's head, thereby injuring plaintiff." The injuries are set out and damages are prayed.

The answer is a general denial.

The jury returned a verdict for plaintiff in the sum of $610.20.

Plaintiff, testifying in his own behalf, said that he was hired by the defendant company to clean the offices and to gather up paper. This work was to be done in the morning when the plant was not in operation. In the afternoon he had something to do in the cellar and around the place. The building was a three-story structure and contained one elevator, which was used by everybody and for freight. This elevator would be operated by the person using same; it was closed on three sides, the south side being open, and ran from the cellar to the fourth floor.

Plaintiff was asked on direct examination whether there was a hatchway or trap door closing the shaft as the elevator ascended or descended from the floor, and he said that he did not understand the question. He was then asked what would be done at the floors when the elevators left same, and he answered: "There was nothing there. It was open." He further stated that there was no floor or covering under the machinery at the top of the elevator. This part of plaintiff's testimony was strongly contradicted by defendant's witnesses.

As to the circumstances attending the accident itself, plaintiff testified that in the morning of the day of the accident, and while the plant was not in operation, he was in the act of putting paper into a barrel which was on the elevator on the second floor; that he had picked up a lot of paper around the reporters' office and had an armful of newspapers which he wanted to deposit in the empty barrel which was standing in the elevator; that as he was pushing the paper into the barrel "something hit me and cut my head." He said he then noticed blood flowing, and that that is all he knows of the accident. He stated again that while his head was over the barrel something hit him on the back of the head; that he could not see anything; that he did not know what was going on, and that all he knows about it, is that he was hurt by something striking his head; that his head was in a bandage for two weeks and that his eye had been closed by the injury; that he was in the hospital for three weeks and had terrible headaches and suffered lack of memory. We need not discuss the extent of the injuries further.

On cross-examination, plaintiff testified that he did not see anything lying around about the floors or elsewhere "that I could have been hit by; there was nobody with me at the time of my injury." He said there was nothing in the elevator platform at the time excepting the open barrel and himself.

On redirect examination, plaintiff said that after he was injured he was not able to look around to see what had caused the accident; that there was another janitor about the place somewhere, but he did not know where; also, that there were some carpenters working somewhere on the second floor, the floor where he says he was hurt. It does not appear that they were near the elevator shaft. There were no other witnesses who testified for plaintiff.

Plaintiff introduced an ordinance of the city of St. Louis which requires a grating at the top of elevator shafts, and plaintiff was asked whether or not there was such a grating or covering above the elevator, and he said there was none.

Defendant's testimony, through its general manager, is to the effect that after the accident he saw the plaintiff at the rear of the building washing his face in the sink, and that at that time the elevator was on the first floor and that there was nothing whatsoever in it. The general manager took plaintiff to the hospital and immediately returned to the plant and went to the second floor, and there found the broom, shovel and barrel which plaintiff used in his work. He said the barrel was about four feet from the elevator, and that the elevator at the top of the building then had a sheeting below the machinery.

On cross-examination, the general manager said the porter had called his attention to the fact that plaintiff was injured when he

found him at the sink, but that he does not know how plaintiff got from the second to the first floor, nor how the barrel could have been on the second floor and not in the elevator, where plaintiff said he had left it; that he made a close examination of the elevator and all the surroundings and that he found nothing which would in anywise indicate how the injury happened. The porter, this witness said, had been in the alley working during the time plaintiff said he was injured. He said he asked plaintiff what had happened, and that plaintiff told him he did not know. When asked how and where he was injured, plaintiff again said that he did not know. There was testimony of other witnesses to corroborate what was related by this witness. One other witness testified that the elevator immediately after the accident was found to be in perfect working condition. Such is the proof.

The petition is bottomed, as we have already said, upon the doctrine of *res ipsa loquitur.* No specific negligence was submitted to the jury in plaintiff's instructions. There is a question whether the petition forfeited the charges of general negligence by pleading a specific assignment of negligence. We will refer to this later.

Treating the petition, as contended for by plaintiff, as one standing on the doctrine of *res ipsa loquitur,* the facts after a most scrutinizing examination of the evidence do not make out a case for the jury. Same discloses merely that the plaintiff was struck by an object without in any manner identifying the object; without showing its source or the cause of its precipitation; whether the object fell from above or was flung from the side. Even in a *res ipsa loquitur* case there must be a gathering of circumstances from which it may be fairly inferred that plaintiff was struck by an object and injured in such a way as to establish negligence on the part of defendant and show a causal connection between the two. However, as pointed out in Ferguson v. Fulton Iron Works, 259 S. W. 811, while the mere fact of injury does not necessarily warrant the inference of negligence, yet there may be circumstances surrounding a happening of this kind which are of such nature as to carry the implication of negligence.

In Removich v. Bambrick Bros. Const. Co., 264 Mo. 43, 173 S. W. 686, our Supreme Court held in a *res ipsa* case, quoting from a succinct syllabus, as follows:

"The presumption of the master's negligence cannot be held to arise from the mere fact that an accident happened and an allegation of its bare physical cause, wholly unaided by any circumstance tending to show any negligent act of either omission or commission on the part of the master, as the responsible human cause of the accident. A prima-facie case for the servant is not, as a rule, made out,

either in pleading or in proof, by the mere fact of accident and the consequent injury to him resulting therefrom.''

The opinion further points out that there are isolated occurrences which of themselves show they must have happened from a negligent cause chargeable to the master. But where the accident concededly may have been produced from causes for which the master in law is not liable, plaintiff must show that it was due to some omission or duty which the law imposes upon the master for the protection of the servant. Furthermore, the facts in *res ipsa* cases must be peculiarly within the knowledge of the defendant and not equally accessible to the plaintiff. Where the plaintiff is in a better position to explain the cause of the accident than the defendant, it certainly does not apply. [Ferguson v. Fulton Iron Works, supra; Russell v. Railway Co., 245 S. W. 590; Byers v. Essex Invest. Co., 281 Mo. 375, 219 S. W. 570.]

To sustain the case under the proof we would be driven to the rule that the mere fact that a servant is injured while engaged about his master's business raises the presumption of negligence on the part of the master. Of course, such is not the law. The employer is not an insurer of the safety of his employees. Plaintiff may have been injured from one of several causes. Each would be equally probable. And if defendant would be liable for one of such causes it would be incumbent upon plaintiff to prove that his injury arose from that cause. If this were not so then plaintiff fails to get his cause out of the realm of conjectural speculation and cannot recover. When the mind dwells upon the question as to what caused this injury, we search in vain. There is no evidence that anything was out of repair about the building, or that there was anything wrong with the machinery. All the evidence in that particular is to the contrary. The plant was not in operation at the time; no evidence that there was anyone above the second floor who could have dropped anything into the shaft which would explain the injury. It may have resulted from the act of a stranger, or a fellow workman, or because of many reasons for which the defendant would not be liable.

We have tried to set out a formula for the required proof in a *res ipsa* case in the Ferguson case, supra, and the instant case falls short in at least this one vital particular—there is no evidence here that the "thing" which injured plaintiff was under the control of the defendant, or, in fact, that it belonged to the defendant.

A clear discussion of this question, though same is not controlling on us, is the case of Shields v. Robins, 33 N. Y. Supp. 639, 1. c. 640. The facts are very similar. [See, also, Klebe v. Parker Distilling Co., 207 Mo. 480, 105 S. W. 1057, and Russell v. Railway Co., 245 S. W. 590.] We therefore hold that the lower court correctly ruled on the motion for new trial.

Under the theory upon which the case was tried below, no serious question arises about section 6789, Revised Statutes 1919, which is invoked here for the first time. The case was tried below upon the theory of common-law liability. Furthermore, it has been held in Latapie-Vignaux v. Askew Saddlery Co., 193 Mo. 1, 91 S. W. 496, that such statute is intended to protect employees from falling into elevator shafts and not to protect persons operating elevators.

We need not discuss the question as to whether plaintiff has not disabled himself from relying upon the *res ipsa loquitur* doctrine because he alleged specific negligence in his petition. He has not made a prima-facie case under either theory.

We have examined all the questions presented by appellant and have reached the conclusion that the trial court correctly granted a new trial on the ground that the demurrer to the evidence should have been sustained. Judgment affirmed and cause remanded. *Becker* and *Nipper, JJ.*, concur.