## AUGUSTA LEVY *vs.* RALPH A. STEIGER.
## MARY LEVY *vs.* SAME.

Worcester. September 29, 1919. — October 10, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Contributory. *Statute. Conflict of Laws.*

St. 1914, c. 553, placing upon the defendant, in an action to recover damages for injuries to the person or property or for causing the death of a person, the burden of alleging and of proving contributory negligence of the person injured or killed, affects procedure only, and therefore is applicable in an action brought in this Commonwealth for personal injuries suffered in another State.

TORT for personal injuries received by the plaintiffs when they were riding as guests in a motor vehicle which came into collision with a motor vehicle driven by the defendant at the intersection of Pawtucket Avenue and Waterman Avenue in the town of East Providence in the State of Rhode Island. Writs dated September 9, 1918.

In the Superior Court the actions were tried together before *Hammond, J.,* who at the request of the plaintiffs ruled that St. 1914, c. 553, was applicable to the cases on trial although the injuries were received in the State of Rhode Island. The jury found for the plaintiff in the first action in the sum of $5,000 and for the plaintiff in the second action in the sum of $2,000; and the defendant alleged exceptions. -

*C. C. Milton, (F. L. Riley* with him,) for the defendant.

*G. S. Taft,* for the plaintiffs.

DE COURCY, J. The plaintiffs were injured in a collision between an automobile, in which they were riding as guests, and a car driven by the defendant. Although the parties are residents of this Commonwealth, the accident occurred in the town of East Providence in the State of Rhode Island. The judge of the Superior Court ruled that the Massachusetts St. 1914, c. 553, was applicable to the cases on trial; and accordingly instructed the jury that the defendant had the burden of showing contributory negligence on

the part of the plaintiffs.   The defendant's exception to this ruling and instruction raises the single question before us.

It is elementary that the law of the place where the injury was received determines whether 'a right of action exists; and that the law of the place where the action is brought regulates the remedy and its incidents, such as pleading, evidence and practice. *Davis* v. *New York & New England Railroad,* 143 Mass. 301. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304.   While there may be cases where it is difficult to decide whether a particular enactment relates to procedure or to substantive rights, it was settled in *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, where its construction and constitutionality were in question, that this "due care" statute, so called, is one of procedure.   As the court expressly said, in construing the statute, with a view to determining its constitutionality (page 377): "These two parts of the statute ·do not undertake to change the substantive law of negligence in any respect.   The tribunal hearing the case must still be satisfied on all the evidence that the plaintiff was in the exercise of due care and did not by his own acts of omission or commission help to produce his injury, and that the defendant was negligent."   And again (page 380): "The present statute simply affects procedure and the burden of proof.   It does not work any modification of fundamental rights."   See also *Miller* v. *Flash Chemical Co.* 230 Mass. 419, 422; *Chicago Terminal Transfer Railroad* v. *Vandenberg,* 164 Ind. 470, 488; *Sackheim* v. *Pigueron,* 215 N. Y. 62.   In *Lemieux* v. *Boston & Maine Railroad,* 219 Mass. 399, relied on by the defendant, it was expressly stated: "By the common law of Vermont, as proved at the trial, an employee assumes not only the risks ordinarily incident to his employment but such unusual and extraordinary risks as he knows and comprehends.   And the burden is on him to prove as part of his case that he did not know and comprehend the danger. [Citing cases.]   This affects the right of action, and does not relate merely to the matter of evidence or procedure.   *Morrisette* v. *Canadian Pacific Railway,* 76 Vt. 267."

<em>Exceptions overruled.</em>