MARTIN F. HEALY *vs.* JOSEPH O'RILEY.

Hampshire.   November 15, 1926. — November 17, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Practice, Civil,* Requests, rulings, and instructions, Common Law Rule 44 of the Superior Court (1923).   *Rules of Court.*

No question of law is presented to this court by an exception saved by a defendant to a refusal by the judge presiding at a trial in the Superior Court to grant a request for a ruling in effect that upon all the evidence the plaintiff was not entitled to recover, where it does not appear that the defendant presented a motion in writing, in accordance with Common Law Rule 44 of the Superior Court (1923), that a verdict be ordered in his favor.

TORT for personal injuries received by the plaintiff when riding in an automobile owned and operated by the defendant.   Writ dated February 1, 1924.

In the Superior Court, the action was tried before *Irwin,* J. The jury found for the plaintiff in the sum of $1,700.   The defendant alleged exceptions.

The case was submitted on briefs.

*E. L. Shaw, T. R. Hickey, & R. H. Cook,* for the defendant.

*A. B. Green & C. S. Lyon,* for the plaintiff.

BY THE COURT.   The only point argued by the defendant is that the first of his several requests for rulings, to the effect that upon all the evidence the plaintiff is not entitled to recover, ought to have been granted.   That was in substance a request for a directed verdict.   Under Common Law Rule 44 of the Superior Court (1923) the question whether the court should order a verdict must be raised by motion and not by a request for instructions.   That is a valid rule and

must be followed. The question argued by the defendant is not open on this record. *Carp* v. *Kaplan,* 251 Mass. 225.

If, however, the merits be considered, there was ample evidence of gross negligence on the part of the defendant causative in injuring the plaintiff. *Massaletti* v. *Fitzroy,* 228 Mass. 487. *Altman* v. *Aronson,* 231 Mass. 588, 591. The case is quite distinguishable from *Burke* v. *Cook,* 246 Mass. 518, *Shriear* v. *Feigelson,* 248 Mass. 432, and similar decisions.

Exceptions not argued of course are treated as waived.

*Exceptions overruled.*