ALVA PARKER *vs.* JULIAN C. MOODY.

ELLEN BARR *vs.* SAME.

Essex.    December 4, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding of gross negligence on the part of the operator of an automobile was warranted on evidence that he proceeded at thirty to thirty-five miles per hour on an icy and slippery street in a city, dodging in and out of heavy traffic; that, as the automobile was entering an intersecting street, the traffic light' turned from green to red; that he disregarded the stop signal and drove the automobile onward at a high rate of speed in an effort to "beat the lights"; and that, when within the intersection, it collided with a second motor vehicle coming from the left with such force that the second motor vehicle was caused to collide with a third motor vehicle, the first automobile, as it glanced off, becoming itself embedded in the front of still another motor vehicle.

Two ACTIONS OF TORT. Writs in the District Court of Southern Essex dated April 8, 1929.

Material evidence at the trial of the actions together in the District Court is stated in the opinion. The trial judge found for the plaintiff in the first action in the sum of $524 and for the plaintiff in the second action in the sum of $541.43. Reports to the Appellate Division for the

Northern District were ordered dismissed. The defendant appealed in each action.

*J. G. Ashe,* for the defendant.

*F. A. Cashman,* for the plaintiffs, submitted a brief.

PIERCE, J. These are two actions of tort in which the plaintiffs seek to recover damages for personal injuries sustained by them through the alleged gross negligence of the defendant. The cases were tried in the District Court with two companion cases in which the findings of that court in favor of the plaintiffs were sustained by the Appellate Division. These cases after a finding for the plaintiffs in the District Court are before this court on appeal from the order "Report Dismissed" of the Appellate Division.

The evidence most favorable to the plaintiffs warranted a finding that on February 2, 1929, the plaintiffs were riding in an automobile, operated by the defendant, as his invited guests; that while driving to and along Essex Street, in Lynn, toward the intersection of that street and Washington Street, at the rate of thirty to thirty-five miles an hour, the traffic being heavy and the surface of the road icy and slippery, the automobile dodged in and out of traffic and once skidded and almost hit the tail end of another motor vehicle; that the plaintiff Parker at that time asked the defendant " if he would be more careful " and " if he would slow down "; that, when the defendant's automobile was entering the intersection of Washington and Essex streets, the traffic control light changed from green to red; that the defendant disregarded the stop signal, drove his automobile onward at a high rate of speed in an effort to " beat the lights," and when within the intersection it collided with a motor vehicle coming from the left, with such force that it caused it to collide with a third motor vehicle, and the defendant's automobile as it glanced off was itself embedded in the front of still another motor vehicle.

The above facts clearly warranted the finding that the act of the defendant in driving his automobile against the warning of the red light was a reckless disregard of his

plain duty to the public and that it constituted gross negligence in that it showed a heedless and palpable violation of legal duty to the plaintiffs. The case is governed by *Healy* v. *O'Riley*, 257 Mass. 413, *Terlizzi* v. *Marsh*, 258 Mass. 156, *Manning* v. *Simpson*, 261 Mass. 494, *Rog* v. *Eltis*, 269 Mass. 466, *Blood* v. *Adams*, 269 Mass. 480, *Learned* v. *Hawthorne*, 269 Mass. 554, *McCarron* v. *Bolduc*, 270 Mass. 39, and *Kirby* v. *Keating*, 271 Mass. 390; and is distinguishable from *Burke* v. *Cook*, 246 Mass. 518, *Marcienowski* v. *Sanders*, 252 Mass. 65, *Bertelli* v. *Tronconi*, 264 Mass. 235, *Forman* v. *Prevoir*, 266 Mass. 111, and *Bank* v. *Satran*, 266 Mass. 253, which are relied on by the defendant. See *District of Columbia* v. *Colts*, 282 U. S. 63.

It results that the requested rulings "(1) That upon all the pleadings and evidence the plaintiff is not entitled to recover" and "(4) That as a matter of law the plaintiff has failed to prove that the defendant was guilty of gross negligence" were denied rightly, and that the orders dismissing the reports must be affirmed.

*So ordered.*