SATIJA DZURA *vs.* JOHN PHILLIPS.

SATIJA DZURA, administratrix, *vs.* SAME.

Worcester.    January 19, 1931. — April 6, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, Motor vehicle, In use of way, Causing death, Gross. *Evidence*, Violation of statute, Admission by plea of guilty, Declaration of deceased person. *Damages*, In tort.

Two actions of tort, the first action for personal injuries sustained by a woman while riding with her husband in an automobile driven by the defendant, and the second action by the woman as administratrix of the estate of her husband, who was killed in the collision, to recover

for the causing of his death, were tried together, and there was evidence warranting findings that at the place of collision a way intersected from the left that on which the two vehicles were proceeding; that the driver of the forward automobile put out his hand indicating that he was about to turn to the left and began turning; that the defendant, disregarding or not seeing the signal and without giving any warning signal, put on additional speed to pass to the left of the driver in front; and, finding him crossing in front, swung more to the left, ran upon street car tracks at the side of the road, put on his brakes, skidded and brought up against a tree. *Held*, that a finding of gross negligence on the part of the defendant, justifying a verdict for the plaintiff in the action by the woman, was warranted.

At the trial of the actions above described, the defendant was called as a witness by the plaintiff, and, subject to exceptions by the defendant, testified in substance that he was familiar with G. L. c. 90, § 24, and that he had pleaded guilty to a charge of violating its provisions on the occasion of the accident which was the basis of the actions. At the close of the evidence, the judge refused to rule that such plea of guilty could not be considered by the jury in the second action upon the question of culpability of the defendant. In his charge to the jury, the judge in substance instructed them that, owing to the form in which the statute stood at the time of the accident, the plea of guilty could not be looked upon by them as in itself an admission of negligence; but that they might consider the fact that the defendant admitted that he had violated the statute; that the violation of such a pertinent statute on the occasion of the accident was evidence of negligence which they might consider if such violation contributed to the accident; and "that the gist of this case is negligence." *Held*, that

(1) Since, under G. L. c. 229, § 5; Sts. 1922, c. 439; 1925, c. 346, § 9, the damages awarded for causing death through negligence are a penalty, and are to be assessed, not as compensation for the loss inflicted, but according to the degree of blameworthiness inherent in the fatal act in all the circumstances of the accident, the refusal of the request for a ruling in the second action was correct: an admission of any degree of culpability was competent evidence for the jury to consider in its award;

(2) The evidence was admissible as an admission of violation of a statute, which might be considered by the jury as evidence of negligence;

(3) The judge's instructions were correct.

At the trial of the actions above described, it was proper to permit the plaintiff to testify that, a mile and a half before they reached the place of the accident, her husband had said to the defendant, "If you drive like that you had better stop the car and we wait for bus to go home," such statement obviously having been made in good faith, before the bringing of the action, of his own knowledge, by one who died before the trial.

TWO ACTIONS OF TORT, the first for personal injuries sustained by the plaintiff, and the second for causing the

death of the intestate of the plaintiff.   Writs dated June 28, 1928.

In the Superior Court, the actions were tried together before *McLaughlin,* J.   It appeared that the accident which was the foundation of the action occurred on May 25, 1928.

The statement of Stanislaw Dzura, referred to in the last paragraph of the opinion, was testified to by the plaintiff as follows: Q.   "Did you have any talk with Mr. Phillips as to the way he was driving his car about a mile or a mile and a half before you came into Sturbridge?" A. "I said — 'Go slower.'   My husband say, 'If you drive like that you had better stop the car and we wait for bus to go home.'"

The testimony by the defendant, excepted to as stated in the opinion, was given when he was called as a witness by the plaintiff.

Other material evidence is stated in the opinion.   At the close of the evidence, the defendant moved that a verdict be ordered in his favor in each action.   The motions were denied.

The defendant then requested the judge to rule that the plea of guilty, testified to in the examination of the defendant, as described in the opinion, should not be considered by the jury as an admission of negligence in the operation of the defendant's automobile at the time of the accident, which request was in substance given by the judge.

In the second action, the defendant requested the following ruling:

"5. The plea of guilty testified to in the examination of the defendant cannot be considered by the jury upon the question of culpability of the defendant."

Such request was denied, and on that subject the judge charged the jury as follows:

"There was evidence introduced here, that sometime after the accident happened Mr. Phillips was brought into the District Court . . . charged with operating an automobile so as to endanger life and property.   Now at the time of the happening of this accident there was in force,

and had been in force for many years a statute, making it an offence to so operate an automobile as to endanger life or property, and since this accident happened, the phraseology of that statute has been changed, in an important particular; to wit, that it is now necessary in order to convict under that statute, to show, not merely that the defendant so operated his car as to endanger life or property, but that he operated it also negligently. So that when this accident happened . . . it was not necessary or essential to prove any more than that the person before the court had so operated his car as to endanger life and property. Now that was the complaint to which Mr. Phillips, pleading in court, pleaded guilty. What is the significance of that in this case? Now it has been held a number of times by our Supreme Judicial Court, that in order to maintain a prosecution under that statute, it wasn't necessary to prove any more than the defendant so operated his car as to endanger life and property; and it was not an element in the case at all, and it was not essential to prove, and it was no part of the government's case that there was negligent operation on the part of the person charged with offending that statute. Now, Mr. Phillips did no more, as I understand the testimony, and the record, than to plead guilty to operating a car so as to endanger life and property. . . . In my opinion, the fact that Mr. Phillips . . . pleaded guilty . . . to operating a car so as to endanger life or property, you would not be justified in finding, from that fact, that he admitted that he was guilty of negligence, because negligence is not involved in that offence. . . . So you would not be justified, gentlemen, in construing his plea of guilty as an admission and confession that he was negligent. Nevertheless the fact that he was in court, and pleaded guilty to operating so as to endanger, on this occasion, life or property, is evidence, the weight of which is wholly for the jury and which may be considered by you in connection with all the other evidence in the case. That is I am not instructing you to disregard that evidence, but I am trying to point out to you the significance of it at least, or rather the limits to

which it may be applied. Now, I may say this: It is a general principle in the law that where one has violated a statute or ordinance, if the violation of it has any relation to the event which is involved in the claim of negligence, as in this case it is claimed that Mr. Phillips operated his car negligently, and grossly negligently, I say it is a principle that a violation of a statute or ordinance, which had any relation to that subject matter, is evidence of negligence. So it being admitted, as I understand it, that Mr. Phillips did violate this statute relating to the operation of a motor vehicle, the fact that he admitted formally in court, pleaded guilty and paid a fine, the fact that he violated that statute is evidence of negligence on his part in the operation of his car, because as I understand it is a general principle that a violation of any statute or any ordinance, which has any relation to the pending question where negligence is involved, is some evidence of negligence, the weight of which is for the jury. So, gentlemen, you will understand that the gist of this case is negligence. We are not concerned here primarily with the question whether a certain statute has been violated or not, except so far as the violation of such statute may have some bearing upon the issue, and the questions in issue, and if there has been a violation of such a statute it is evidence of negligence, the weight of which is wholly for the jury. And then it has no significance, it has no bearing, has no significance, unless that act which is involved in the violation of a statute did contribute directly to the happening of the accident. It is merely a part of the evidence in the case, the weight of which is for the jury." On the other phases of the actions the judge's charge was full and accurate, and no exceptions were taken thereto.

There was a verdict for the plaintiff in each action in the sum of $5,000. The defendant alleged exceptions.

*C. C. Milton,* for the defendant.

*E. A. Ryan,* for the plaintiffs.

WAIT, J. Satija Dzura and her husband, Stanislaw Dzura, were riding as guests of the defendant in his automobile, when, in attempting to pass to the left of a taxicab

driven by one Benevuti, the defendant, to avoid a colli-
sion as the taxicab swung to its left, so managed his vehicle
that it skidded and was thrown against a tree. The wife
was injured. Her husband was killed. These actions were
brought by her, one to recover for the injury to herself, the
other, as administratrix of the deceased, to recover under
G. L. c. 229, § 5, as amended by St. 1922, c. 439, and St.
1925, c. 346, § 9, the penalty for causing his death. After
verdicts for the plaintiff, the defendant contends that there
was error in refusing to direct verdicts for the defendant;
in the admission of evidence; in refusing to instruct that
"The plea of guilty testified to in the examination of the
defendant cannot be considered by the jury upon the ques-
tion of culpability of the defendant"; and in the portion of
the charge relating to the request.

The evidence, taken most strongly for the plaintiff, would
justify the following findings: The defendant, familiar with
the locality, approaching a point on the State road in
Sturbridge where driveways to the Elms Hotel and to the
post office entered the road from his left, and following
Benevuti's automobile, was driving at the rate of thirty-
five miles per hour. Benevuti, desiring to stop at the post
office, slowed somewhat, put out his hand to indicate a left
turn, and drove to his left to enter the driveway. He saw
in the mirror before him the defendant's car approaching
rapidly, with no apparent slackening of speed. He crossed
in front of it, immediately heard a crash, and stopped. The
defendant, disregarding or not seeing the outstretched hand,
put on additional speed to pass to the left of Benevuti;
and, finding him crossing in front, swung more to the left,
ran upon street car tracks at the side of the road, put on
his brakes, skidded and brought up against a tree. Whether
he blew a horn to warn Benevuti of his intention to pass
was disputable. For the purpose of deciding whether to
direct a verdict, the trial judge was bound to assume that
he did not. We find nothing in the cases cited by the de-
fendant which required the trial judge to direct verdicts for
the defendant on the ground that, as matter of law, the
evidence was insufficient to support a finding of gross neg-

ligence — "an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care . . . a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence . . . the omission of even such diligence as habitually inattentive and careless men do not fail to exercise in avoiding danger to their own person or property." *Altman* v. *Aronson*, 231 Mass. 588, 591, 592, 593. The exact details of the locality of the accident, of the relative position of the intersecting driveways or streets, of the conditions of highway and street railway surface, of speed, distances, precautionary signals, could only be determined by the jury from the conflicting testimony. It cannot be said properly that here there is no combination of circumstances which can amount to gross negligence. Different situations existed in *Cook* v. *Cole*, 273 Mass. 557, *Clay* v. *Pope & Cottle Co.* 273 Mass. 40, and *Cannon* v. *Bassett*, 264 Mass. 383. Those decisions are not controlling on the facts which might here be found. In the action for death, proof of simple negligence was sufficient. *Flynn* v. *Lewis*, 231 Mass. 550. The cases fall within the decisions in *Healy* v. *O'Riley*, 257 Mass. 413, *Manning* v. *Simpson*, 261 Mass. 494, *Rog* v. *Eltis*, 269 Mass. 466, *Blood* v. *Adams*, 269 Mass. 480, *McCarron* v. *Bolduc*, 270 Mass. 39, *Kirby* v. *Keating*, 271 Mass. 390, *Logan* v. *Reardon*, 274 Mass. 83, *Parker* v. *Moody*, 274 Mass. 100.

Three exceptions may be disposed of together. They relate to the admission and use of evidence that the defendant was familiar with the requirements of the statute, G. L. c. 90, § 24, as it then stood relating to the operation of a motor vehicle so as to endanger the lives and safety of the public. He testified, against exception, that he was familiar with the statute and that he had pleaded guilty to a charge of violating it in connection with this accident. No record was introduced. No insistence was made on the form of the questions or the absence of the record. The judge rightly instructed the jury that, as the law stood at the time, no question of negligence was raised in a prosecution

under the statute. *Commonwealth* v. *Pentz,* 247 Mass. 500. He charged that, in consequence, a plea of guilty on that complaint did not admit and could not of itself be considered by the jury as an admission of negligence; but that, since culpability was an issue in the action, the plea could be given in evidence, and could be considered on that issue. In this he was right. Under the statute, although the damages awarded are a penalty, and are to be assessed, not as compensation for the loss inflicted, but according to the degree of blameworthiness inherent in the fatal act under all the circumstances of the accident, *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582, *Fairbanks* v. *Kemp,* 226 Mass. 75, the jurors, not the judge, determine that degree. An admission of any degree of culpability is competent evidence for the jury to consider in its award. It stands like any admission of a fact material to the ascertainment of damages. No question of credibility was raised. It has been decided that a witness may be asked as an admission of the fact charged whether he has pleaded guilty in a criminal matter. The question and answers are admissible, if the admission is competent evidence. *Commonwealth* v. *Fortier,* 258 Mass. 98.

On another ground the admission of guilt was admissible. A violation of a statute is some evidence of negligence under our decisions. *Milbury* v. *Turner Center System,* 274 Mass. 358, 361. What weight to give it is for the jury under proper instructions such as were here given. The contention that the admission of such evidence is error because it subjects a defendant to double punishment, once, in the penalty imposed in the criminal proceeding, and again in the award of damages in the action for causing a death, is without merit. The offences are different, and, where this is true, penalties are not obnoxious to the principle forbidding double punishment. *Commonwealth* v. *Crowley,* 257 Mass. 590. *Commonwealth* v. *Tenney,* 97 Mass. 50. We, therefore, find no error in the admission of this evidence, in the refusal of the request or in the portion of the charge dealing with them.

The exception to the admission of a statement of Stan-

islaw Dzura in criticism of the defendant's driving before the accident is not well taken. ' Obviously the statement was made in good faith, before the bringing of the action, of his own knowledge, by one who died before the trial. Counsel did not direct the attention of the judge to the necessity that these elements should be found to be true before admitting the evidence. We must assume that, in admitting it, the judge found that the requirements of G. L. c. 233, § 65, were met. *Heathcote* v. *Eldridge*, 226 Mass. 168. *Horan* v. *Boston Elevated Railway*, 237 Mass. 245, 247.

<div align="right">

*Exceptions overruled.*