BERT H. WINSLOW *vs*. GRACE L. TIBBETTS. No. 5466.

BERT H. WINSLOW *vs*. GRACE L. TIBBETTS. No. 5467.

CLARA L. WINSLOW *vs*. GRACE L. TIBBETTS. No. 5468.

Cumberland. Opinion October 25, 1932.

*Hinckley, Hinckley & Shesong,* for plaintiffs.
*Verrill, Hale, Booth & Ives,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.    These actions are brought to recover damages alleged to have resulted from the negligence of the defendant while driving an automobile in which the plaintiffs were riding as guests. At the close of the evidence, the Presiding Justice directed verdicts for the defendant. Exceptions were reserved.

There seems to be no serious controversy as to the material facts involved. In the forenoon of August 23, 1931, a Studebaker automobile driven by the defendant left the traveled part of the highway in the town of Phillipston, Massachusetts, ran along the shoulder of the road, struck a telephone pole and was wrecked. The plaintiffs, who are husband and wife and were riding in the rear seat, were both injured.

The road where the accident occurred was practically straight and slightly down grade. Its surface was macadamized for twenty-four feet and covered with coarse gravel on the shoulders. It was unobstructed and in good repair. The automobile was not old and, so far as the evidence discloses, was free from mechanical defects and equipped with sound and properly inflated tires. The shoulders of the road were seven feet wide and the telephone pole which

was struck stood two feet farther out. Driving along thirty or forty miles an hour, the defendant suddenly exclaimed, "I can't hold this car in the road." There is evidence that the automobile was then traveling on the shoulder of the road and the collision with the pole followed almost immediately.

It is elementary law that the rights of the plaintiffs to recover are controlled by the law of the place where the injuries were received and the law of the jurisdiction where relief is sought determines the remedy and its incidents, such as pleading, practice and evidence. *Frost* v. *Company*, 126 Me., 409, 139 A., 227 ; *Owen* v. *Roberts*, 81 Me., 439, 17 A., 403 ; *Levy* v. *Steiger*, 233 Mass., 600, 124 N. E., 477 ; *Connecticut, etc., Co.* v. *Railroad*, 78 N. H., 553, 103 A., 263 ; *Central Vermont R. Co.* v. *White*, 238 U. S., 507.

It is in evidence, and assented to by counsel as the law of these cases, that, under the Massachusetts rule, the burden was upon the plaintiffs to establish the gross negligence of the defendant as held in *Massaletti* v. *Fitzroy*, 228 Mass., 487, 118 N. E,. 168. The definition of that gross negligence, also accepted in these cases, as stated in *Altman* v. *Aronson*, 231 Mass., 588, 121 N. E., 505, 506, is:

"Negligence, without qualification and in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances. It is a want of diligence commensurate with the requirement of the duty at the moment imposed by the law.

"Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It admits to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is heedless

and palpable violation of legal duty respecting rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared to that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the willful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter, even though guilty of contributory negligence, or which renders a defendant in rightful possession of real estate liable to a trespasser whom he has injured. It falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure."

This doctrine of gross negligence is not recognized as a part of the law of this State. *Prinn* v. *DeRice*, 129 Me., 479, 149 A., 580. It is because the locus of the causes of action is Massachusetts that the law of that Commonwealth is here made the rule of recovery.

The plaintiffs do not and can not contend that the facts in evidence account, with any reasonable degree of certainty, for the defendant's failure to hold her car on the macadam surface of the highway, retain control over it and avoid collision with the telephone pole. As is said on their brief, "The guest can not prove the exact cause of the accident." No one saw it outside the occupants of the car. The defendant, driver of the car, and absent from the trial on account of illness, did not testify. The passengers can throw no light on the occurrence. It remains unexplained.

The plaintiffs, however, invoke the application of the doctrine of *res ipsa loquitur* and cite *Chaisson* v. *Williams*, 130 Me., 342, 156 A., 154, 156, in which this Court on proof, which remained unexplained, that the defendant's automobile left the highway, ran into the woods and crashed into the stump of a tree, held that the doctrine applied and the negligence of the defendant might be inferred.

In *Chaisson* v. *Williams*, however, "gross negligence" was not an issue. The negligence to which the doctrine of *res ipsa loquitur* was applied was a breach of the duty owed by the driver of an automobile to his guest under the law of Maine and as there defined in these words:

"An individual owning or operating an automobile must, for the safety of his guest in the vehicle, exercise in his own conduct ordinary care, which is that degree of care . . . a person of ordinary intelligence and reasonable prudence and judgment — ordinarily exercises under like or similar circumstances."

Such a breach of duty is at most "ordinary negligence" and substantially and appreciably lower in magnitude than "gross negligence" as already defined in *Altman* v. *Aronson*, super.

*Res ipsa loquitur* is a rule of evidence which warrants, but does not compel, the inference of negligence. It does not dispense with the rule that the person alleging negligence must prove it, but is simply a mode of proving the negligence of the defendant inferentially. *Edwards v. Cumberland County, etc., Co.*, 128 Me., 207, 146 A., 700; *Chaisson v. Williams*, supra. The inference, however, must be warranted. The rule does not apply unless the unexplained accident is of a kind which does not, according to the common experience of mankind, occur if due care has been exercised. The basis of the inference is the doctrine of probabilities. Facts proven must, in their very nature, indicate such an unusual occurrence as to carry a strong inherent probability of negligence. Mere conjecture and surmise will not suffice. *Transportation Co.* v. *Downer*, 11 Wall., 129; *Judson* v. *Powder Co.*, 107 Cal., 549, 556, 40 P., 1020; *Ash* v. *Dining Hall Co.*, 231 Mass., 86, 120 N. E., 396; *Mathews* v. *C. & N. W. Ry. Co.*, 162 Minn., 313, 202 N. W., 896; *Byers* v. *Essex Inv. Co.*, 281 Mo., 375, 380, 219 S. W., 570; *Eaton* v. *N. Y. C. & H. R. R. Co.*, 195 N. Y., 267, 272, 88 N. E., 378; *Gas Co.* v. *Brodbeck, Adm.*, 114 Ohio State, 423, 151 N. E., 323; *Riggsby* v. *Tritton*, 143 Va., 903, 910, 129 S. E., 493; Note, L. R. A., 1917 e, 41 et seq.; 45 C. J., 1211.

It is clearly within the common knowledge of mankind that automobiles, when operated with ordinary care, do not usually leave

the surface of the road wrought for their travel, ride the shoulder and plunge into a telephone pole nine feet away. "When they do, it is the extraordinary and not the ordinary course of things." *Chaisson* v. *Williams,* supra. The inference from the few facts proven in the case at bar, that the accident involved was the result of ordinary negligence, would not be clearly wrong.

When, however, we come to consider the substantially and appreciably higher magnitude of gross negligence, the same facts do not carry inherent probability of its presence. It is our opinion that accidents in which "gross negligence" is involved in the improper operation of automobiles are the exception rather than the rule. When they occur, almost invariably there is convincing evidence, outside the unexplained accident itself, of "utter forgetfulness" or "heedless and palpable violation" of legal duty or other essential elements which characterize the greater wrong.

In Massachusetts it has been repeatedly recognized that an accident which, unexplained, bespeaks negligence does not necessarily point to gross negligence. In applying the rules of recovery of that jurisdiction in this class of cases, the conclusions of its Court as to the sufficiency of the evidence which will support a charge of gross negligence are entitled to great weight.

In *Cook* v. *Cole,* 273 Mass., 557, 174 N. E., 271, as was noted in *Chaisson* v. *Williams,* supra, it was held that, while the fact, unexplained, that a truck went off the road and struck a tree to the injury of a gratuitous passenger warranted a finding of ordinary negligence, it did not show gross negligence on the part of the defendant. The lack of proof of facts magnifying the degree of negligence is noted and cases fortified by such proof are distinguished.

In *Shriear* v. *Feigelson,* 248 Mass., 432, 143 N. E., 307, gross negligence was not inferred from the mere unexplained fact that a guest was injured while riding in an automobile which suddenly left the highway and crashed into a telephone pole.

In *Burke* v. *Cook,* 246 Mass., 518, 141 N. E., 585, 587, it was held that, while mere proof that an automobile was going at the rate of thirty-five miles an hour, the right rear wheel thumped, the car seemed to be steering to the right and, upon the defendant's turning his wheel quickly to the left, the car turned over, showed

ordinary negligence, it did not establish gross negligence. Such facts, the Court says, "do not tend to prove such 'indifference to present legal duty' and 'utter forgetfulness of legal obligations so far as other persons may be affected' as to constitute 'a heedless and palpable breach of legal duty' to the plaintiff or 'a manifestly smaller amount of watchfulness and circumspection' than the circumstances required."

In the cases cited by the plaintiff, the facts in evidence themselves show heedless and palpable violation of legal duty on the part of the defendant and proof of the requisite degree of negligence is not left to inference. These decisions are not authority for a finding of gross negligence, even by inference, from facts of no greater probative value than those appearing in the cases at bar. The citations are: *Dzura* v. *Phillips*, 275 Mass., 283, 175 N. E., 629; *Parker* v. *Moody*, 274 Mass., 100, 174 N. E., 189; *Logan* v. *Reardon*, 274 Mass., 83, 174 N. E., 264; *Kirby* v. *Keating*, 271 Mass., 390, 171 N. E., 671; *Learned* v. *Hawthorne*, 269 Mass., 554, 169 N. E., 557; *Blood* v. *Adams*, 269 Mass., 480, 169 N. E., 412; *Manning* v. *Simpson*, 261 Mass., 494, 159 N. E., 440.

Convinced as we are that the doctrine of *res ipsa loquitur* does not supply the deficiency in the plaintiffs' factual proof of gross negligence on the part of this defendant, consideration of the contributory or imputed negligence of either of the plaintiffs becomes unnecessary. The Presiding Justice committed no error in taking cases from the jury in which verdicts could not be sustained on the evidence. He was guided by the established rule of procedure in this State. *Coleman* v. *Lord*, 96 Me., 192, 52 A., 645; *Johnson* v. *Terminal Co.*, 131 Me., ——, 162 A., 518.

In each of the cases brought forward by this record, the entry is

*Exceptions overruled.*